GlFFEN, J.
The petition alleges that on January 17, 1898, the city •of Cincinnati passed an ordinance which granted to Thomas A. Quill, his heirs, associates, assigns and successors, permission to lay pipes and other necessary appliances in the streets, avenues, alleys and public places of Cincinnati for the purpose of transmission of package's, letters, telegrams and other articles, which may be transmitted therein by the use of electricity, compressed air, or any other motive power which may be applicable to such systems as are now known as “underground pneumatic systems,” and also for the purpose of supplying compressed air, provided that the transmission be granted upon the express conditions named in the ordinance. The conditions were that the grantee, his associates, heirs, assigns and successors, shall furnish to the city of Cincinnati, on its streets, alleys, lanes, avenues, commons etc., the service contemplated and authorized to be carried on, and similar services for the public buildings used by the city or any of its departments, at a price not exceeding that charged private consumers, but the city was not obliged to make use of said service. The board of administration was to have supervision of all work of construction,and to designate what portions of the street shall be broken up at a time, and at what and how many points the work shall be carried on. A bond of 150,000 was to be given to the city to ensure the restoration of its streets and to indemnify the city against any loss or damage consequent upon laying any pipe. Work was to be begun within one year from date of grant, and four miles of pipe were to be laid within three years, otherwise the ordinance shall be void. After three years from date of grant the grantee was to pay a percentage of his gross income, of one per cent, for the first year, two per cent, for the second year, three per cent, for the third year, four per cent, for the fourth year,and thereafter, annually,five per cent. Any assignee of the grantee was required to give the same kind of a bond as a condition to his acquifing any right under the assignment. The board of administration or its successor were authorized to call upon the police department to enforce any of the provisions of the ordinance.
W. M. Ampt, for Plaintiff,
Phillip C. Swing • and Charles J. Hunt, Corporation Counsel, and Herbert Jenney, and Campbell Bates, Glen Denning & Meyer, whose briefs were submitted, for defendants.
The Cincinnati Delivery, Power and Refrigerator Company, one of the defendants, became the assignee of the franchise from Quilh
The suit was brought by the plaintiff as a tax payer**under section 1778 of the Revised Statutes, who claimed [in his petition the franchise ordinance was void:
First: Because for a purpose unauthorized by law.
Second: Because made for an undeterminate period of time.
Third: Because it is an exclusive grant.
Fourth: Because not for a public purpose,or for the benefit of Cincinnati or its inhabitants, but for a private purpose and private profit.
Fifth: Because unreasonable in its provisions in not reserving in the city the privilege of regulating charges thereunder from time to time.
Sixth: Because failing to fix a maximum limit of charges, and in failing to prescribe the number, size, dimensions or material of the conduits and pipes to be laid, the manner in which they shall be laid, or the depth under the surface or the street.
By the Court:
Injunction allowed for the reasons stated in the opinion of the court of common pleas, 6 Ohio N. P., 401, except the one that the grant is exclusive.